IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONNIE C. KELLEY                                                                               PLAINTIFF

       v.                                Civil No. 08-4082

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Ronnie Kelley, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## Procedural Background

The plaintiff filed his application for DIB on January 25, 2006, alleging an onset date of September 21, 2005, due to back pain, seizures, and depression. (Tr. 13, 46-48). His application was initially denied and that denial was upheld upon reconsideration. (Tr. 35-37, 40-41). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). An administrative hearing was held on August 29, 2007. (Tr.440-458). Plaintiff was present and represented by counsel.

At this time, plaintiff was 56 years of age and possessed a tenth grade education. (Tr. 443). He had past relevant work ("PRW") as a waste water technician. (Tr 20, 445).

On April 25, 2008, the ALJ found that plaintiff's disorder of the back and bilateral hammer toe deformities were severe, but did not meet or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 15). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours (with normal breaks) in an 8-hour workday, sit 6 hours (with normal breaks) in an 8-hour workday, and some pushing and pulling of arm and leg controls. (Tr, 16. With the assistance of a vocational expert, the ALJ found plaintiff possessed vocational skills that were transferable to light work. (Tr. 457).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 8, 2008. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision.

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

**Discussion**

After reviewing the medical evidence of record, the undersigned finds that the ALJ's RFC is not supported by substantial evidence. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as

pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

The evidence shows that plaintiff was suffering from impairments affecting his back and feet. An MRI of his lumbar spine showed degenerative changes at the L5-S1 level with an annular tear and a 2-3 millimeter right posterolateral disk. (Tr. 145-146). There were also small bulges at the L3-4 and L4-5 levels affecting the posterolateral area with an annular tear. An MRI of plaintiff's cervical spine also revealed moderate right neural foraminal stenosis caused by uncinate spurs and degenerative facet enlargement. (Tr. 374). There was a 1-2 millimeter posterior disk protrusion resulting in mild narrowing of the central spinal canal to an AP midsagital diameter of approximately 9 millimeters. A 1-2 millimeter posterior protrusion and posterior spurs were also noted at the C2-3 level. Records indicate that plaintiff consistently reported significant back pain that radiated into his right leg. (Tr. 59-61, 98, 101-102, 384, 387, 424, 427-433, 434-437).

Plaintiff also suffered from problems with his feet. In the 1970s, plaintiff underwent surgery to correct his hammertoe deformity. However, the foot pain returned in 2004. In September 2005, he was diagnosed with bilateral plantar fasciitis of the feet and bilateral hammertoe deformity. (Tr. 375-383). X-rays showed metallic hardware and post surgical changes present in the proximal 3rd and 4th metatarsals bilaterally, as well as degenerative

4

changes in the proximal interphalangeal joint of the right 4th toe. (Tr. 386). In 2006, a general physical exam revealed hammertoe deformities of the 2nd, 3rd, and 4th toes on the right foot and 2nd and 3rd toes on the left foot. (Tr. 406-412). Plaintiff reported burning, throbbing pain in the bottom of both feet. (Tr. 375-383). In 2007, his plantar fasciitis had become severe, rendering him unable to work any length of time without experiencing pain and unable to wear his work boots. (Tr. 424). Orthotics were prescribed to help his feet, but actually aggravated his lower back pain and caused right lateral hip and buttock pain. (Tr. 424).

In 2007, Dr. Roshan Sharma evaluated plaintiff at the request of the Administration. (Tr. 434-437). After reviewing plaintiff's medical records and performing a thorough examination, he concluded that plaintiff could lift and carry up to 20 pounds occasionally; sit, stand, and walk for about 6 hours during an 8-hour workday; occasionally climb, balance, stoop, and crouch; never kneel or crawl; and, must avoid concentrated exposure to heights. In spite of his evidence, however, the ALJ concluded that plaintiff could perform a full range of light work with no limitations. Therefore, we believe that remand is necessary to allow the ALJ to reevaluate the limitations posed by plaintiff's lower back and foot pain.

As there is no RFC assessment in the file from any of plaintiff's treating doctors, the ALJ is also directed to obtain an assessment from plaintiff's treating doctors. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight).

We also note that the ALJ failed to pose a hypothetical question to the vocational expert. Instead, he merely asked him if plaintiff would have any skills that were transferable to other jobs in the national economy. The expert stated that plaintiff's skills would transfer to light

5

work, but not sedentary work. Because it does appear that plaintiff suffers from non-exertional limitations, on remand, the ALJ should recall the vocational expert and pose to him a hypothetical question, including all of the limitations resulting from plaintiff's back and foot impairments. *Robson v. Astrue*, 526 F.3d 389, 392 (8th Cir. 2008) (recognizing that VE's testimony is substantial evidence when it is based on accurately phrased hypothetical capturing concrete consequences of claimant's limitations).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 15th day of September 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)